IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRADLEY VANDIVER,                )
                                 )
        Plaintiff,           )  Case No. 05-1648-KI
                                 )
  vs.                            )  OPINION AND ORDER
                                 )
T-MOBILE USA, INC.,              )
                                 )
        Defendant.           )


William D. Stark
876 Welcome Way, S. E., Suite 200
Salem, Oregon 97302

    Attorney for Plaintiff

Chris Kitchel
Kurt Barker
Stoel Rives LLP
900 S. W. Fifth Avenue, Suite 2600
Portland, Oregon 97204

    Attorneys for Defendant

KING, Judge:

Plaintiff Bradley Vandiver brings a claim against T-Mobile USA, Inc. for discrimination and retaliation under the Oregon Family Leave Act ("OFLA"), a common law wrongful discharge claim, and a claim for disability discrimination under Oregon statutory law. Before me is Plaintiff's Motion to Certify Question to Oregon Supreme Court (#5). For the reasons set forth below, I deny the motion.

## LEGAL STANDARDS

> The [Oregon] Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, a panel of the Bankruptcy Appellate Panel Service or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state.

ORS 28.200.

In addition, Local Rule 83.15 directs the Court to <u>Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.</u>, 311 Or. 361, 364, 811 P.2d 627 (1991), which sets forth five criteria.

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of [the Oregon Supreme Court] or the Oregon Court of Appeals.

## DISCUSSION

Plaintiff requests that the following two questions be certified to the Oregon Supreme Court:

(1) Does the State of Oregon recognize a claim for retaliation for invoking rights under OFLA?

(2) Is there a civil cause of action for retaliation under OFLA, even though it is not specifically referenced as such under ORS 659A.885(1) and (2)?

The only Western Helicopter factor in dispute is whether there is any controlling precedent in the decisions of the Oregon Supreme Court or the Oregon Court of Appeals.

Plaintiff concedes that a decision of the Oregon Court of Appeals, recognizing the existence of a cause of action for retaliation under the OFLA, is on point. Yeager v. Providence Health System Oregon, 195 Or. App. 134, 96 P.3d 862, rev. denied 337 Or. 658, 103 P.3d 641 (2004). However, plaintiff points to two decision from this court which declined to follow Yeager, arguing that therefore Yeager is not "controlling precedent" as that term is used in Western Helicopter.

The two cases to which plaintiff refers are Stewart v. Sears, Roebuck and Co., CV-04-428-HU, Supplemental Findings and Recommendation (D. Or. April 15, 2005) and Cameron v. T-Mobile USA Inc., CV-04-272-KI, Opinion and Order (D. Or. Apr. 28, 2005). In Stewart, Judge Hubel declined to follow Yeager, reasoning that in the absence of authority from the Oregon Supreme Court, he must predict how the Oregon Supreme Court would rule using Oregon Court of Appeals' decisions as guidance. Stewart, CV-04-428-HU at 4 n. 2, citing Vestar Dev. II, LLC v. General Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001). Judge Hubel concluded that if the Oregon Supreme Court were to hear the arguments on statutory construction presented by the defendants in Stewart, it would not follow Yeager. Id. I found Judge Hubel's analysis persuasive, and declined to follow Yeager as well. Cameron, CV-04-272-KI at 7.

T-Mobile argues that the court should not certify the question of whether the OFLA permits a cause of action for retaliation because Yeager is existing Oregon appellate precedent on that question. In Western Helicopter, the court stated that the fifth criterion–whether there is any controlling precedent–is "perhaps the most important one." Western Helicopter, 311 Or. at 364. More specifically,

> The fifth requirement is that it must appear to the certifying court that there is no controlling precedent from either this court or the Oregon Court of Appeals. Controlling precedent from either court is sufficient [to defeat certification]. A certifying court is not to distinguish between decisions of this court, on the one hand, and those of the Court of Appeals, on the other, so long as the latter are not called into question by other decisions of this court. Certification is not a vehicle in Oregon for obtaining a Supreme Court decision on a question of law that already has been decided by the Court of Appeals.

Id. at 365.

Although in Cameron I predicted that the Oregon Supreme Court would not follow Yeager and held that plaintiff could not assert a cause of action for retaliation under the OFLA, Yeager is a "controlling" Oregon Court of Appeals' decision for purposes of the certification criteria. As the Oregon Supreme Court has stated, "controlling precedent" means whether the Oregon Court of Appeals has, "correctly or incorrectly, . . . addressed the issue." Kambury v. DaimlerChrysler Corp., 334 Or. 367, 373, 50 P.3d 1163 (2002) (holding that Western States' announcement that Oregon Court of Appeals' decision qualified as "controlling" for purposes of certification did not bind the Oregon Supreme Court on merits).

///

Recognizing the odd position in which this decision puts plaintiff, I nevertheless decline to certify to the Oregon Supreme Court the question whether the OFLA permits a retaliation cause of action.

## CONCLUSION

Plaintiff's Motion to Certify Question to Oregon Supreme Court (#5) is denied.

IT IS SO ORDERED.

Dated this  30th  day of January, 2006.

        /s/ Garr M. King
        Garr M. King
        United States District Judge